UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| IRA JOHN HINES, *et al.*, | ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No.: 3:10-CV-333 (VARLAN/GUYTON) |
| TOWN OF VONORE, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## **MEMORANDUM OPINION**

This case is before the Court on the Motion to Dismiss filed by defendants Town of Vonore, Vonore Police Department, Mayor Larry Summey, individually and officially, Vice Mayor/Police Commissioner John Hammontree, individually and officially, Alderman James "Hamp" Brown, individually and officially (collectively, the "defendants") [Doc. 11] as well as plaintiffs' Motion for Certification of Question and Motion to Amend [Doc. 16]. Plaintiffs filed a response to defendants' motion to dismiss [Doc. 16]. Defendants have not responded to plaintiffs' motions, and the time for doing so has passed. E.D.TN. LR 7.1(a), 7.2.

## I.  BACKGROUND

Plaintiffs commenced this action on or about August 5, 2010 [Doc. 1]. It arises out of Vonore Police Department's termination of the employment of plaintiff Ira John Hines ("plaintiff Hines") on January 12, 2010 [*Id.*]. Plaintiffs allege nineteen causes of action against defendants [*See id.*].

## II. DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants move to dismiss Vonore Police Department as a party to this action, to dismiss the claims of plaintiffs Angela Hope Hines and O.G.H., a minor, and to dismiss counts seven and sixteen of the complaint [Docs. 11, 12].

### A. Standard of Review

In deciding a motion under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). Although Rule 8(a) requires merely "a short and plain statement of the claim," to survive a Rule 12(b)(6) motion, a plaintiff must plead facts sufficient to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Indeed, a plaintiff must plead enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 545 (citations omitted). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

B.  **Analysis**

1.  **Vonore Police Department May Not be Sued**

Defendants assert that Vonore Police Department may not be sued. Defendants are correct. *See CP ex rel. Powell v. Aloca Police Dept.*, No. 3:10-CV-197, 2010 WL 2698290, at *2 (E.D. Tenn. July 6, 2010) ("[D]efendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. § 1983.") (citations omitted); *Jones v. West Point Police Dept.*, No. 3:06-CV-172-S, 2008 WL 474413, at *2 (W.D. Ky. Feb. 19, 2008) (stating with respect to a complaint alleging violations of the First and Fourteenth Amendments to the United States Constitution and various state law claims that "[p]olice departments of local governments are not entities which may be sued and the local government itself is the proper party to address a plaintiff's complaint against a police department") (citation omitted). Accordingly, all claims against defendant Vonore Police Department will be dismissed.

2.  **Plaintiffs Angela Hope Hines and O.G.H., a minor, Fail to State Any Claims Against any Defendant**

Defendants argue that Angela Hope Hines and O.G.H., her minor daughter, presumably are the wife and daughter of plaintiff Hines, but they fail to allege they were ever employed by the Town of Vonore or that they were directly harmed regarding any of the allegations in the complaint [Doc. 12]. In addition, defendants argue that Angela Hope Hines and O.G.H. do not have standing to bring a § 1983 action based on the violation of plaintiff Hines's rights and assert no allegations that their personal civil rights were violated. After reviewing the complaint, and given that plaintiffs failed to oppose this portion of defendants'

3

motion, the Court agrees with defendants and will dismiss Angela Hope Hines and O.G.H. from this case.[1] *See Claybrook v. Burchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (finding that "only the purported victim of an alleged constitutional tort, or his estates's representatives, may prosecute a section 1983 claim" and that "no cause of action lies under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members").

### 3. The Tennessee Constitution Does Not Provide a Private Right of Action for Damages

In count seven, plaintiffs allege that plaintiff Hines's free speech rights under the Tennessee State Constitution were violated as a result of defendants demoting and firing plaintiff Hines while he was engaged in constitutionally protected speech [Doc. 1]. Defendants contend that, "[u]nlike 42 U.S.C. § 1983, Tennessee 'has not recognized any such implied cause of action for damages based upon violations of the Tennessee Constitution'" [Doc. 12 (citations omitted)].

Defendants are correct that Tennessee does not recognize an "implied cause of action for damages based upon violations of the Tennessee Constitution." *Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999) (citation omitted). *See also Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) ("The plaintiff can state no claim

---

[1] Because the Court finds that plaintiffs Angela Hope Hines and O.G.H. do not have standing to file a § 1983 action for the alleged violation of plaintiff Hines's rights, the Court declines to consider defendants' argument that the Title VII claims of plaintiffs Angela Hope Hines and O.G.H. should be dismissed for failure to exhaust administrative remedies.

of a state constitutional violation in this case because Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution."). Plaintiffs, however, seek injunctive relief in addition to monetary damages [*see* Doc. 1], and "the Court has the inherent power to enjoin unconstitutional conduct" *Anderson v. Clarksville Montgomery Cnty. Sch. Sys.*, No. 3:06-0324, 2006 WL 1639438, at *2-3 (M.D. Tenn. June 13, 2006). Defendants motion to dismiss count seven, therefore, will be denied, but plaintiffs may not seek damages with respect to this claim.[2]

### 4. Defendants are Immune from Suit under the Tennessee Governmental Tort Liability Act

In count sixteen, plaintiffs allege common law retaliation [Doc. 1]. Specifically, plaintiffs allege that defendants committed common law retaliation by terminating plaintiff Hines for reporting P.O.S.T. violations and alleged sexual harassment and discrimination against a co-worker [*Id.*]. Defendants assert that public officers and employees are immune from a common law retaliatory discharge claim [Doc. 12 (citations omitted)]. Defendants are correct. The Governmental Tort Liability Act "prevents suits against governmental entities [and their employees] based on common law retaliatory discharge." *Young v. Davis*, No. E2008-01974-COA-R3-CV, 2009 WL 3518162, at *6 (Tenn. Ct. App. Oct. 30, 2009) (citing *Baines v. Wilson Cnty.*, 86 S.W.3d 575 (Tenn. Ct. App. 2002)); Tenn. Code Ann. §

---

[2] In connection with their argument to certify to the Tennessee Supreme Court a question "regarding damages as a remedy for violation of a right arising from the Tennessee Constitution[,]" *see infra* Part III, plaintiffs assert that "injunctive relief is in effect no remedy at all, as the harm has occurred and injunctive relief would offer no redress" [Doc. 16]. Even it if is not, because plaintiffs seek injunctive relief, the Court declines to dismiss count seven at this stage of the litigation.

29-20-102(1) (stating that the term "claim" is defined to include "any claim brought against a governmental entity or its employee"). Accordingly, count sixteen will be dismissed.

## III. PLAINTIFFS' MOTIONS FOR CERTIFICATION AND TO AMEND

Plaintiffs make several requests in their response to defendants' motion to dismiss [Doc. 16]. First, plaintiffs request that the Court reserve ruling on the motion to dismiss "until the completion of the written discovery process and depositions, or in the alternative [grant the motion to dismiss] without prejudice to allow for reconsideration after the discovery process" [*Id.*]. Given the Court's analysis with respect to defendants' motion to dismiss, *see supra* Part II, and because the Court does not believe that discovery would provide any facts that would alter the Court's findings, the Court will deny plaintiffs' request.

Second, plaintiffs move for the Court "to certify a question to the Tennessee Supreme Court regarding damages as a remedy for violation of a right arising from the Tennessee Constitution pursuant to Tennessee Supreme Court Rule 23 Section 1" [Doc. 16]. Although recognizing "the authorities cited by the Defendants regarding the Tennessee authorities not recognizing a recovery for damages for violations of the Tennessee Constitution[,]" plaintiffs aver that "the current state of jurisprudence in effect recognizes a right without a remedy in not recognizing a recovery for damages when a state Constitutional right, especially one as important as freedom of speech, is concerned" [*Id.*]. Further, plaintiffs assert that "Tennessee jurisprudence remains dynamic in light of recent decisions adopting modified comparative fault and recognizing retaliatory discharge as a cause of action" [*Id.*].

Rule 23 of the Tennessee Supreme Court permits this Court to certify to the Tennessee Supreme Court "questions of law of [Tennessee] which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee." This Court has discretion on whether to utilize the procedures for certification. *Cincinnati Ins. Co. v. Grand Pointe, LLC*, 501 F. Supp. 2d 1145, 1167 (E.D. Tenn. 2007) (citation omitted). "Certification 'is most appropriate when the question is new and state law is unsettled.'" *Id.* (citation omitted). It also may be used "where an important question of state law has arisen solely in federal court." *Id.* (citation omitted). Under these standards, the Court finds that certification is not appropriate. Indeed, plaintiff's question is not new and it seems settled that Tennessee does not recognize an implied cause of action for damages based upon violations of the Tennessee Constitution. *See supra* Part II.B.3.

Third, plaintiffs request leave to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to "allege negligent hiring, supervision, retention and training of [d]efendants Hammontree and Myers" [Doc. 16]. Rule 15 provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, and because defendants failed to oppose this request to amend, the Court will grant plaintiffs' motion.[3]

---

[3] The Court notes that Local Rule 15.1 provides that "[a] party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion." E.D.TN. LR 15.1. Plaintiffs failed to comply with this rule, but such "is not grounds for denial of the motion." *Id.*

7

## IV. CONCLUSION

For the reasons explained above, the Court will **GRANT IN PART** and **DENY IN PART** defendants' motion to dismiss [Doc. 11], **DENY** plaintiffs' motion for certification [Doc. 16], and **GRANT** plaintiffs' motion to amend [Doc. 16]. The Court will **ORDER**: that all claims against defendant Vonore Police Department be dismissed; that plaintiffs Angela Hope Hines and O.G.H., a minor, be dismissed from this action; that count sixteen of the complaint be dismissed; and that plaintiff Hines have twenty (20) days from the date of the order granting the motion to amend to file an amended complaint asserting negligent hiring, supervision, retention and training of defendants Hammontree and Myers and complying with the Court's order regarding defendants' motion to dismiss.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE