UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

IRA JOHN HINES,                )
                               )
        Plaintiff,             )
                               )   No. 3:10-CV-333
                               )   (VARLAN/GUYTON)
V.                             )
                               )
TOWN OF VONORE, *et al.*,      )
                               )
        Defendants.            )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the orders of the District Judge [Doc. 32 and 33] referring Defendant Mike Myers's Motion to Compel and the Motion to Compel [Doc. 30], filed by Defendants Town of Vonore, Larry Summey, John Hammontree, and James "Hamp" Brown, to this Court for disposition. The parties appeared before the Court on August 8, 2011, to address the Motions to Compel. Attorneys Ronald Newcomb and Charles Burks, Jr., were present representing the Plaintiff. Attorneys Dan Rader, Nathan Rowell, and Robert Watson were present representing the Defendants.

The Court heard the parties' oral arguments and has considered their filings. The Court finds that the Motions to Compel are ripe for adjudication, and for the reasons more fully stated below, the Motions to Compel will be **GRANTED**.

**I.     BACKGROUND**

The Plaintiff was previously employed by the Town of Vonore as a law enforcement officer. He represents that he began his career in Miami, Florida in 1985. [Doc. 25 at ¶ 9]. The Plaintiff

relocated to East Tennessee and was employed by the Hawkins County Sheriff's Department from January 1991, until November 2000. [Doc. 25 at ¶ 10]. The Plaintiff was employed with the Vonore Police Department from May 2004 through January 2010. [Doc. 25 at ¶ 10].

The Plaintiff states that the individual Defendants were elected to various city offices on September 12, 2009, and took office October 1, 2009. [Doc. 25 at ¶ 14]. The Plaintiff alleges that thereafter the individual Defendants and the Town of Vonore unlawfully discriminated and/or retaliated against him in his employment.

On June 14, 2011, the parties conducted the deposition of the Plaintiff. At this deposition, the Plaintiff, based upon the instruction of counsel, refused to answer any questions related to his resignation from the Hawkins County Sheriff's Department. [Doc. 28-1 at 4-5]. Counsel asserted that the Plaintiff was not required to answer these questions because the expungement of his criminal conviction precludes defense counsel from asking about the underlying events and behavior, which relate both to the criminal conviction and the end of his employment with the Hawkins County Sheriff's Department.

## II. POSITIONS OF THE PARTIES

The Defendants maintain that the Plaintiff resigned from the Hawkins County Sheriff's Department because he was accused of sexual misconduct with a 17 year-old female. [Doc. 29 at 2].[1] Defendants allege that, as a result of those allegations, the Plaintiff resigned from the Hawkins County Sheriff's Department, and the Tennessee Bureau of Investigation launched a criminal

---

[1]The two Motions to Compel before the Court take the same positions, and at the hearing, counsel for the Defendants concurred in their views and mirrored one another's arguments. Due to the similarity in their positions, the Court has treated the Defendants' positions in combination.

investigation. The Plaintiff was indicted for statutory rape, but he ultimately pled guilty to two counts of contributing to the delinquency of a minor. [Doc. 29 at 2]. The Plaintiff was ordered to serve two consecutive one-year terms of probation, not to work around minors, not to work in law enforcement, and to perform 350 hours of community service. [Doc. 29 at 2]. The Defendants argue that information about this conduct and the terms on which the Plaintiff left the Hawkins County Sheriff's Department are relevant to his employability and his damages.

The Defendants argue that all of the information about the Plaintiff's misconduct is part of the public record, and they have attached newspaper clippings to their motion to demonstrate that this information was disbursed to the public by the Rogersville Review, the Hawkins County newspaper, [Doc. 28-2]. The Defendants contend that the Tennessee Expungement Statutes, Tenn. Code Ann. §§ 40-32-101, 40-35-313, do not create any type of privilege against answering questions in a deposition. The Defendants maintain that the Plaintiff should be compelled to answer their questions regarding these events and his resignation from the Hawkins County Sheriff's Department. Finally, the Defendants stated at oral argument that they did not seek to introduce at trial evidence of the charges brought against the Plaintiff or his guilty plea.

The Plaintiff responds that the Court should deny the Motions to Compel, and the Plaintiff moves the Court to find that the subject matter at issue is privileged pursuant to Tennessee Code Annotated § 40-35-313. The Plaintiff maintains that § 40-35-313, "credits a privilege to individuals granted expungement to be put back in the position prior to an arrest[.]" [Doc. 34 at 1]. The Plaintiff argues that the expungement provisions create a privilege against testifying. In support of this position, the Plaintiff cites the Court to <u>Canipe v. Memphis City Schools Board of Education</u>, 1999 WL 20793 (Tenn. Ct. App. Jan. 20, 1999).

## III. ANALYSIS

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

In this case, counsel for the Plaintiff instructed the Plaintiff not to answer based upon an alleged privilege. The Plaintiff maintains that there is a privilege against testifying derived from Tennessee Code Annotated §§ 40-32-101 and 40-35-313. Tennessee Code Annotated § 40-32-101 provides the procedures and fees for expungement and destruction of criminal records upon acquittal or dismissal. The Plaintiff relies most heavily upon Tennessee Code Annotated § 40-35-313, which states:

> The effect of [an expungement order] is to restore the person, in the contemplation of the law, to the status the person occupied before the arrest or indictment or information. No person as to whom the order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of the person's failures to recite or acknowledge the arrest, or indictment or information, or trial in response to any inquiry made of the person for any purpose, except when the person who has been availed of the privileges of expunction then assumes the role of plaintiff in a civil action based upon the same transaction or occurrence as the expunged criminal record.

Tenn. Code. Ann. § 40-35-313(b).

The Plaintiff has cited the Court to cases that he contends support reading the above portion of § 40-35-313, as providing a privilege against testifying. The Court has reviewed these cases and concludes that they do not interpret § 40-35-313 as providing such a privilege. In <u>Canipe v. Memphis City Schools Board of Education</u>, 1999 WL 20793 (Tenn. Ct. App. Jan. 20, 1999), the court's interpretation that the statute allows "the individual to be restored to the status he occupied

4

before his arrest" is consistent with the plain language of the statute. The court in Canipe does not allude to or identify a privilege against testifying based upon expungment.

Moreover, in Pizzillo v. Pizzillo, 884 S.W.2d 749 (Tenn. Ct. App. 1994), another case cited by the Plaintiff, the court found that the lower court should not have considered an expunged memorandum of understanding. The Court in Pizzillo did not recognize any privilege against testifying based upon an expungement, and instead, it noted that there was no restriction on presenting other evidence concerning the *conduct* related to the memorandum of understanding. Id. at 755.

The Court finds the holding in State v. Crow, 580 S.W.2d 753 (Mo. 1979), to be instructive. The court in Crow considered a statute very similar to Tennessee Code Annotated § 40-35-313, which instructed that the effect of an expungement order "shall be to restore such person, in the contemplation of the law, to the status he occupied prior to such arrest and conviction." Id. at 755, n. 2. The court in Crow interpreted this provision as providing a situation in "which it is as though the arrest, prosecution and conviction had never occurred." Id. at 757. When asked to read a privilege into this statute, the court found that the statute did not create a privilege. Id. at 758. The court found that arguments about whether a privilege based upon the expungement statute had been waived were irrelevant, "because there is no testimonial privilege to be waived." Id.

The Court reaches a similar conclusion in this case. Tennessee Code Annotated § 40-35-313(b) contemplates putting the person granted expungement back to the position they occupied before their arrest and conviction and provides for removing official documentation of the conviction from the public record. The Court finds no support for reading a privilege against testifying into Tennessee Code Annotated §§ 40-32-101 or 40-35-313, especially in the context of a deposition.

5

While the expungement may prevent certain documents, records, or evidence of the criminal proceedings and conviction from being presented at trial, any such issues will be resolved by the District Judge, and at this juncture of the case, there is no privilege excusing the Plaintiff from answering the deposition questions posed to him about the events underlying the arrest, his guilty plea, the conviction, or his resignation from the Hawkins County Sheriff's Department.

IV. **CONCLUSION**

Based upon the foregoing, the Court finds the Motions to Compel **[Docs. 28 and 30]** are well-taken, and they are **GRANTED**.

The Court further finds that no fees or costs shall be awarded with regard to this ruling.

**IT IS SO ORDERED.**

ENTER:

　　　　s/ H. Bruce Guyton
United States Magistrate Judge